IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACK WIDEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.:  4:14-cv-01495-SNLJ |
| v. | ) |
| | ) |
| KRAMER & FRANK, P.C., AND | ) |
| MIDLAND FUNDING LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Kramer & Frank, P.C. ("K&F") and Midland Funding LLC ("Midland") respectfully request that the Court dismiss Plaintiff Jack Wideman's Complaint because it fails to state a claim upon which relief can be granted.  In support of this Motion, as is set forth in detail in Defendants' Memorandum In Support of Motion to Dismiss for Failure to State a Claim, Midland and K&F state:

1.  In his Complaint, Wideman alleges that Defendants violated the Fair Debt Collection Practices Act because K&F sent him a letter (the "Letter") that, while correctly stating the amount of the debt he owed to Midland (the "Debt") on the date of the Letter, did not remind him that unpaid debts accrue interest.  By not including such a reminder, Wideman claims that the Letter deceived him.

2.  FDCPA causes of action based on letters are judged under the unsophisticated consumer standard.  An unsophisticated consumer "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences."  *Pettit v.*

1

*Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).  If such a consumer would not be mislead by a letter, even if it is potentially confusing, it does not violate the FDCPA.  *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 646 (7th Cir. 2009).  Accordingly, "[t]he state of mind of the reasonable debtor is always relevant to the determination of whether a debt collection notice is misleading or deceptive." *Id.*

3. Courts routinely hold that a would-be FDCPA plaintiffs cannot claim to be deceived regarding facts that any consumer understands.  Here, Wideman bases his entire case on the contention that he was deceived because the Letter did not tell him what every consumer already knows: interest accrues on unpaid debts.  The FDCPA does not provide a cause of action for such contrived claims of deception, and Wideman's case must be dismissed.

4. Wideman purports to allege a cause of action under §1692g(a)(1) of the FDCPA, 15 U.S.C. §1692g(a)(1), which requires, among other things, that a debt collector state the "amount of the debt" in its initial communication with the consumer.  Wideman does not allege that the Letter is an initial communication, and the letter itself indicates that it is not.  Accordingly, Wideman cannot state a claim under §1692g(a)(1).

5. Wideman purports to allege a cause of action under §1692e(2) of the FDCPA, 15 U.S.C. §1692e(2), which prohibits false representations of the "character, amount or legal status of any debt."  But he does not allege that the Letter, or the balance he allegedly received in a subsequent telephone call, were false or inaccurate in any way.  He cannot state a claim under §1692e(2).

6. Thus, Wideman is left to argue that K&F deceived him by not reminding him that interest accrues on debts.  He apparently claims that this violated §1692e(10) of the FDCPA, 15 U.S.C. §1692e(10), which prohibits the use of "any false representation or deceptive means" to

collect a debt.  But courts routinely hold that all a debt collector must do, as K&F did here, is to state the amount of the debt, including *then accrued* interest and other charges, on the date a collection letter is sent.  They are not required to remind consumers of the obvious – that unpaid debts accrue interest.  In fact, even when a Letter potentially is confusing because it contains a conditional interest reminder (*i.e.* additional interest *may* accrue) it is not misleading.  Even an unsophisticated debtor would understand that interest will continue to accrue, and cannot claim to be misled or confused regarding that basic fact.

7.	Section §1692d, 15 U.S.C. §1692d, prohibits the use of harassment or abuse in the collection of debts.  The Complaint contains no allegations whatsoever that K&F or Midland engaged in the sort of harsh and abusive conduct that §1692d was designed to prevent.  Wideman cannot state a claim under that section.

8.	Section 1692f of the FDCPA, 15 U.S.C. §1692f, prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §1692f.  It is a catch-all for conduct that the FDCPA does not cover elsewhere.  Wideman does not allege any facts in support of his §1692f claim other than those upon which he bases his other claims.  His §1692f claim must be dismissed.

WHEREFORE,  Defendants Kramer and Frank, P.C., and Midland Funding, LLC, respectfully request that the Court dismiss Plaintiff's Complaint and grant whatever additional relief it deems appropriate.

        Respectfully submitted,

        KRAMER & FRANK, P.C.

        by /s/ Daniel V. Conlisk_____
        DANIEL V. CONLISK, #36544MO
        9300 Dielman Ind. Blvd., Ste. 100
        St. Louis, MO 63132
        314-991-2160
        314-442-2218 (Fax)
        Email: Daniel.Conlisk@lawusa.com

        ATTORNEYS FOR DEFENDANTS
        MIDLAND FUNDING LLC AND
        KRAMER & FRANK, P.C.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of October, 2014, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send a notice of electronic filing to all parties of interest participating in the CM/ECF system.

I further certify that a copy of the foregoing was mailed via first class U.S. mail, postage pre-paid on the 10th day of October, 2014, to:

Richard A. Voytas, Jr.
Voytas & Company
One North Taylor Ave.
St. Louis, MO 63108

        /s/ Daniel V. Conlisk_____