**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **JACK WIDEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  4:14-cv-01495-SNLJ** |
| **v.** | ) | |
| | ) | |
| **KRAMER & FRANK, P.C., AND** | ) | |
| **MIDLAND FUNDING LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM**

**Introduction**

This case arises out of Defendant Kramer & Frank, P.C.'s ("K&F") attempt to collect a

debt that Plaintiff Jack Wideman owes to Defendant Midland Funding LLC ("Midland").

Although Wideman's allegations are cryptic, the Franklin County Circuit Court's file in *Midland*

*Funding LLC v. Wideman* provides details that Wideman strategically fails to disclose.  On

December 13, 2010, K&F filed a Petition seeking to collect a debt that Wideman had incurred,

but failed to pay, on a HSBC credit card.  Wideman was served, appeared, but thereafter

defaulted.  On November 9, 2011, the court entered judgment (the "Judgment") against him.  It

expressly stated "[t]his judgment shall bear interest at the rate of 9% per annum. . ."  The

Franklin County Clerk sent the judgment to Wideman.

In his Complaint under the Fair Debt Collection Practices Act (the "FDCPA"), Wideman

claims that K&F and Midland deceived him when K&F sent a letter that did not remind him that

interest would accrue on his unpaid HSBC credit card/judgment debt.

1

Thus, the issue in this case is straightforward:  Does an unsophisticated consumer understand that interest accrues when he/she does not pay a debt?  An unsophisticated consumer "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences."  *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).  Perhaps the most rudimentary fact that consumers know about the financial world – and one which may haunt many – is that unpaid debts accrue interest.  K&F did not deceive Wideman because one of its letters did not remind him of this fact.

### Facts

On December 13, 2010, K&F filed *Midland Funding LLC v. Jack Wideman*, Case No. 10AB-AC03279 in the Associate Division of the Circuit Court of Franklin County, Missouri. Ex. A, pp. 4, 27-30.[1]  The Petition sought to collect a  debt (the "Debt") that Wideman had incurred, but not paid, on a HSBC Card Services credit card.  *Id.* at pp. 27-30.  Wideman was served on May 19, 2011.  *Id.* at p. 21.  On July 11, 2011, Wideman requested, and was granted, a continuance to October 3, 2011.  *Id.* at 17.  The court thereafter continued the case to November 7, 2011.  *Id.* at p. 5.  Wideman failed to appear and, on November 9, 2011, the court entered the Judgment against him.  *Id.* at p. 11.  The Judgment clearly states **"[t]his judgment shall bear interest at the rate of 9% per annum  . . ."** *Id.* (emphasis added).  The Franklin County Clerk notified Wideman of the Judgment on November 9, 2011.  *Id.* at p. 9.

---

[1] Exhibit A is a certified copy of the court's file in *Midland Funding LLC v. Jack Wideman*, Case No. 10AB-AC03279 in the Associate Division of the Circuit Court of Franklin County, Missouri. This Court may consider the Franklin County Court's file in deciding this Motion to Dismiss without converting it into one for summary judgment. *See Challenger Powerboats, Inc. v. Evans*, 2007 WL 2885346 *1 (E.D. Mo. 2007);  *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008).

On July 23, 2014, Wideman filed this lawsuit against K&F and Midland[2] in the Franklin County Court.  Doc. 1 &1-1.  Defendants removed to this Court.  *Id.*  Wideman alleges that K&F "sent Plaintiff a collection letter dated August 2, 2013," which stated a "'Balance Due' of $1,015.69."  Doc. 1-1, p. 6, ¶¶ 18-19 (the "Letter").  Wideman does not allege that this balance was false or inaccurate.  He does not dispute that he owes the debt nor does he allege that he ever requested validation of it.  Wideman alleges that the Letter "provided no indication that Defendants were accruing and trying to collect ever-increasing amounts of interest on the debt." *Id.* at p.7, ¶20.  Wideman claims that on the date he "received the August 2 Letter, the balance was higher than the $1,015.69 and Defendants were trying to collect this higher amount."  *Id.* at ¶ 21.  He alleges that the Letter "contained no safe harbor language that due to interest, the amount of the debt would change."  *Id.* at ¶ 22.

Wideman claims that approximately ten months later, in June 2014, he "called K&F to check his balance and was surprised to learn that the debt had increased to $1,136.17."  *Id.* at ¶ 23.  Again, he does not claim that this balance was false or inaccurate in any way, that he does not owe it, or that he disputed it.  Nonetheless, Wideman concludes that the Letter "deceptively failed to state the amount of the debt."  *Id.* at ¶ 24.

Although he quotes it, and his Complaint relies entirely on its contents, Wideman strategically failed to file the Letter with his Complaint.  Defendants have done so.  *See* Exs. B & C.  The Court may consider the Letter, and thus its actual contents, in deciding this Motion to Dismiss.[3]  After setting forth the balance due and account number, the Letter states:

---

[2] As is relevant to this Motion, Wideman bases his Complaint upon a letter K&F sent to him. Accordingly, as used in this Memorandum, "K&F" will refer to Midland and K&F collectively unless otherwise indicated.

[3] *Enervations, Inc. v. Minn. Mining & Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir.2004) ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss,

It is important that you call our office immediately concerning the status of this account. Our account representative has been trying to reach you by telephone without success. *Call now or send the balance today!* Make certain to write our eight letter file number on your check.

Ex. B (emphasis added). The Letter itself makes clear that the stated balance was <u>not</u> higher on the date Wideman received the Letter and that Defendants were <u>not</u> trying to collect an amount in excess of this balance. The Letter indicates that Wideman needed to pay only the stated balance when he received the Letter. *Id.*

Despite this, Wideman claims that – because he was surprised to learn that the balance had increased due to interest after he ignored the Letter for ten months – K&F misled him. *Id.* at 23-24. But he does not allege how an unsophisticated consumer, with a rudimentary knowledge of the financial world, reasonable intelligence and the ability to make basic logical deductions and inferences, would be mislead because a Debt that he failed to pay accrued interest. Even the most unsophisticated consumers understand that unpaid debts accrue interest. None would be mislead because a letter did not remind them of this obvious fact.

## Argument

### I.      Standard of Review

This Court recently held that "[t]he purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions 'which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.'"  *Reitz v. Nationstar Mortgage*, LLC, 2013 WL 3282875  at *1 (E.D. Mo. June 27, 2013), *quoting Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

---

documents necessarily embraced by the complaint are not matters outside the pleading.")(quotations omitted); see also *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir.2003).

Thus, courts should dismiss a complaint if it "does not plead 'enough facts to state a claim to relief that is plausible on its face.'" *Reitz*, 2013 WL 3282875 at *1, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). To withstand a motion to dismiss, "a complaint must contain factual allegations sufficient to 'raise a right to relief above the speculative level.'" *Reitz*, 2013 WL 3282875 at *1, *quoting Twombly*, 550 U.S. at 555. Finally, "where the legal implications of statements made in a collection letter are disputed, the dispute constitutes a question of law that may be resolved by the Court on a dispositive motion." *O'Connor v. Credit Prot. Ass'n LP*, 2013 WL 5340927 *7 (E.D. Mo. 2013).

## II. Unsophisticated Consumers Are Reasonably Intelligent, Rational And Have A Basic Understanding Of The Financial World.

### A. Courts Assess FDCPA Claims Under An Objective Standard Of Reasonableness.

Courts consider FDCPA claims under the "unsophisticated consumer" standard. *Strand v. Diversified Collection Serv.,* 380 F.3d 316, 317-18 (8th Cir.2004). While this is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder," it also "contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *O'Connor*, 2013 WL 5340927 at *6 *quoting Strand,* at 317–18.[4] Thus, a debt collection communication does not violate the FDCPA unless it would deceive an "unsophisticated, but reasonable, consumer." *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 995 (7th Cir.2003).

---

[4] Various of the cases discussed below, from other circuits, apply the "least sophisticated consumer" standard. There is no practical difference between the two. *See Peak v. S. & Allen*, 2010 WL 1729958 *4 n. 35 (E.D. Ark. 2010); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir.1996).

Accordingly, determining whether a communication is misleading requires ***both*** consideration of the content of the communication ***and*** analysis of how an unsophisticated consumer would understand it.  ***"[T]he state of mind of the reasonable debtor is always relevant to the determination of whether a debt collection notice is misleading or deceptive."***  *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 646 (7th Cir. 2009)(emphasis added).  Wideman must allege more than that the Letter is misleading in some "technical sense; [he] has to show that it would mislead the unsophisticated consumer."  *Id.* at 646.[5]

Simply stated, Wideman cannot state a claim merely by alleging that he was "surprised to learn that the debt had increased" because interest had accrued.  Doc. 1-1, p. 7 ,¶ 23.  Such a cause of action turns upon whether a reasonable debtor would not understand that interest accrues on debts so that a letter misleads him if it does not remind him of this basic fact.

### B.       The Unsophisticated Consumer Is Not A Dimwit.

While an unsophisticated consumer may be naïve, uninformed and trusting, he is not a "dimwit."  *Wahl,* 556 F.3d at 645–46.  He "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences."  *Pettit*, 211 F.3d at 1060 (internal quotation omitted); *see also Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir.1993); *O'Connor*, 2013 WL 5340927 at *6.  The unsophisticated consumer standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th

---

[5] *See also Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596-97 (6th Cir. 2008)(A potentially misleading statement is not actionable if, under a common sense reading, a least sophisticated consumer would "pretty much" understand it.); *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)(A debt collector violates the FDCPA only if  the "least sophisticated debtor would likely be misled by a communication.").

Cir. 2011) *quoting Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3rd Cir. 2008). The standard

"protects the unsophisticated debtor, but not the irrational one." *White v. Goodman,* 200 F.3d

1016, 1020 (7th Cir. 2000).

Courts routinely hold that a FDCPA plaintiff cannot invoke the unsophisticated consumer

standard to claim deception regarding facts that any consumer understands. For example, an

unsophisticated consumer understands that debts incur interest until they are paid, and is not

deceived if a debt collector does not remind him of this fact. *See* part IV.B., below. Similarly, a

least sophisticated consumer is able to reconcile the amount of a debt stated in a collection letter

with the larger amount thereafter requested in a lawsuit's prayer for relief. *Bird v. Pressler*, 2013

WL 2316601 *2 (E.D.N.Y. 2013).

Where a collection letter states two amounts, an unsophisticated consumer "would

understand that the amount of the debt is the 'Balance' and that the amount 'Now Due' is the

portion of the balance that the creditor will accept for the time being until the next bill arrives."

*Olson v. Risk Management Alternatives, Inc.*, 366 F.3d 509, 513 (7th Cir. 2004). An

unsophisticated consumer "is assumed to know about credit reporting agencies, which also

would provide her with relevant information when she requests a credit report." *Corcia v. Asset

Acceptance, LLC*, 2014 WL 3656049 *9 (E.D.N.Y. 2014). A purportedly false statement

regarding an affiant's personal knowledge of records underlying a debt is not misleading because

"[t]he least sophisticated consumer understands that lenders and debt collectors will by necessity

have to rely on business records that they may not have personally created, especially in an age

of automated, computerized transactions." *Clark v. Main St. Acquisition Corp.*, 553 F. App'x

510, 516 (6th Cir. 2014).

In short, the unsophisticated consumer standard does not provide refuge for would-be FDCPA plaintiffs who, as here, claim to be deceived regarding basic facts that anyone knows or logically may infer.

## III. Wideman Cannot State A Claim Under FDCPA §1692(g) Because The Letter Is Not An "Initial Communication."

The FDCPA provision regarding "Validation of Debts," 15 U.S.C.§ 1692g, requires that debt collectors provide consumers with certain information, including "the amount of the debt," in their initial communication. This is the only section with such a requirement. Other provisions prohibit debt collectors from using false or deceptive representations. *See, e.g.*,15 U.S.C. §1692e (2)&(10). Failing properly to state the "amount of the debt" under 15 U.S.C.§1692g does not violate §§1692e(2)&(10). *Hoover v. Monarch Recovery Management*, 888 F.Supp.2d 589, 599-600 (E.D.Pa. 2012).

Here, Wideman does not allege that the Letter is an initial communication. Nor does the Letter itself suggest this. Wideman cannot state a claim under 15 U.S.C. §1692g. Further, although some courts have considered claims under both §§1692g and 1692e in the same opinion, the issue here is not whether the Letter properly stated the amount of the debt under §1692g, but whether it misled Wideman by not reminding him that interest accrues on unpaid debts.

## IV. The Letter Accurately Stated The Amount Of The Debt, And Is Not False Or Misleading.

### A. Wideman Does Not Allege That K&F Or Midland Made Any False Statement Of The "Character, Amount Or Legal Status" Of The Debt.

Wideman does not allege that the Letter's stated balance of $1,015.69 was false or inaccurate on August 2, 2103, the date on which it was sent. Doc. 1-1, p. 6, ¶ 19. While Wideman claims that by the time he received the Letter the balance had already increased, the

8

Letter itself belies this contention.  It makes clear that, on receipt, Wideman should pay only the balance stated.  Ex. B.  The text of the Letter cannot support an inference that K&F would not have accepted this amount had Wideman paid the Debt when he received the Letter, rather than ignoring it for ten months.  *Id.*  Wideman does not allege that the balance of $1,136.17, which he claims to have learned in a June 2014 telephone call, was false or inaccurate.  Doc. 1-1, p. 7, ¶ 23.

Wideman does not allege that K&F falsely represented anything.  His claim is that in addition to these true statements, the Letter should have told him something that any unsophisticated consumer already knows – that unpaid debts accrue interest.  Section 1692e(2) prohibits false representations of the "character, amount or legal status of any debt."  Wideman cannot state a claim under that section.  *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 59 (D. Mass. 2012) *amended in part on other grounds*, , 2013 WL 4539071 (D. Mass. 2013)(While "stating an incorrect amount of the debt undeniably violates section 1692e(2) . . . a debt collector's letter stating a correct amount ($3,864.09) as the 'current amount due' for a credit card debt and a letter more than two months later accurately stating the 'total due' as a different amount ($3,904.97) does not violate section 1692e(2)(A) simply because the initial letter did not inform the consumer that the debt would increase over time.").

### B. An Unsophisticated Consumer Would Not Be Mislead Because The Letter Did Not Remind Him That Unpaid Debts Accrue Interest.

Section 1692e(10) prohibits debt collectors from using "any false representation or deceptive means" to collect a debt.  15 U.S.C. §1692e(10).  Numerous courts have held that it is neither false nor deceptive under §§1692e(2) & (10), nor even a violation of §1692g(a)(1)'s "amount of debt" requirement, to state the amount of the debt, including *then accrued* interest and other charges, on the date a collection letter is sent.  *Miller v. McCalla, Raymer, Padrick,*

9

*Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875-76 (7th Cir. 2000); *Goodrick v. Cavalry Portfolio Services LLC*, 2013 WL 4419321*3 (D. Ariz. 2013); *Smith v. Accounts Research, Inc.*, 2012 WL 289835 **11-12 (E.D. Tenn. 2012); *Schaefer v. ARM Receivable Management, Inc.*, 2011 WL 2847768 *5 (D. Mass. 2011); *Pifko v. CCB Credit Services, Inc.*, 2010 WL 2771832 **3-4 (E.D.N.Y. 2010); *Adlam v. FMS, Inc.*, 2010 WL 1328958 *3 (S.D.N.Y. 2010); *Weiss v. Zwicker & Associates*, P.C., 664 F.Supp.2d 214, 217 (E.D.N.Y. 2009); *McDermott*, 911 F. Supp. at 59.

Such courts do not require debt collectors to go further than stating this amount. They do not require debt collectors to remind consumers that the debt may increase, "because even an unsophisticated debtor would understand that interest [will] continue to accrue." *Goodrick,* 2013 WL 4419321 at *3; *see Schaefer*, 2011 WL 2847768 at *5; *Adlam*, 2010 WL 1328958 at *3; *Weiss*, 664 F.Supp.2d at 217.[6]

In *Miller*, a debt collector's initial communication advised the consumer of his "unpaid *principal* balance," but went on to state

> this amount does not include *accrued but unpaid* interest, *unpaid* late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement. The amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures.

214 F.3d at 875 (emphasis added). The court found that letter did not properly state the amount of the debt under §1692g(a)(1) because it did not include *already accrued* interest and other

---

[6] *See also Meier v. Law Offices of Weltman, Weinberg & Reis Co., L.P.A.*, 2011 WL 2039113 *5 (W.D. Pa. May 5, 2011) ("The law is clear that even the least sophisticated debtor knows that interest continues to accrue until payment is made, or as in this case, default judgment entered when Plaintiff failed to respond to the state court complaints."); *Beasley v. Sessoms & Rogers, P.A.*, 2010 WL 1980083 *5 (E.D.N.C. 2010)(A letter does not violate §1692g(a)(1) because it advises that interest *might* to accrue because "[e]ven the 'least sophisticated debtor' understands that a debt may continue to accrue interest.").

charges: "[t]he unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt." *Id.*

Rejecting the debt collectors' argument that it is impossible to state the amount of a debt when its balance may change, the court held "[w]hat they certainly could do was to state the total amount due-interest and other charges as well as principal-on the date the dunning letter was sent. We think the statute required this." *Id.* at 875-76.[7]

In *Goodrick,* the court followed *Miller* and emphasized the importance of analyzing what unsophisticated consumers understand. There, as here, Goodrick claimed that the debt collector violated §1692g(a)(1) (amount of the debt) and §1692e (false or misleading representations) by failing to remind him in an initial communication that his debt would accrue interest. 2013 WL 4419321 at **2-3. The court rejected Goodrick's contention that *Miller* required such a reminder. *Id.* at **3-4. It reasoned that *Miller* found a violation where a collection letter, by failing to include *already* accrued but unpaid interest and charges, did not advise the debtor of the amount then due. *Id.* Thus, in *Miller*, paying the amount stated would not have satisfied the debt –amounts *that were already due* were not included in the balance. *Id.*

*Goodrick* found that the defendant's letter could not cause such confusion because it, as the Letter here, included the total amount of the debt due on the date the letter was sent. *Id.* at *4. There, as here, Goodrick could simply have paid the amount due when he received the letter. *Id.*; *see* Ex. B.

Finally, the court rejected Goodrick's contention, like Wideman's here, that – in addition to stating the full amount due on the date of the letter – a debt collector must remind him interest

---

[7] As set forth below, having decided the issue presented before it, the court went on to amend judicially the FDCPA to require that a "safe harbor" be used in certain circumstances where the amount of a debt may vary. *See* "V.", below.

would continue to accrue.  The court reasoned that "[t]he [FDCPA] protects the unsophisticated consumer, not the irrational one" and where a letter provides the full amount then due "even unsophisticated debtors would understand that interest would continue to accrue."  *Id.* at *3.

In *Schaefer*, the court reached the same result.  There, a June 2009 letter stated, without more, a "Current Balance Due" of $3,864.08.  2847768 WL at *5.  A September 2009 letter stated, without more, a "Total Due" of $3,904.97.  *Id.*  The court rejected Schaefer's claim that the June letter falsely represented the amount of the debt by failing to include a reminder that the balance would increase due to interest.  *Id.* at **5-6.  It reasoned that the FDCPA "requires that a collection letter state 'the amount of the debt' that the debt collector is trying to collect" and "does not require that a debt collection letter advise that the consumer's debt may increase."  *Id.* at 5.  The court emphasized that "[w]hen stating the amount of the debt, debt collectors cannot add[ ] language that may overshadow or contradict other language informing the consumer of her rights" and that "[a] number of courts have held that adding language about further increases and charges in debt collection letters misleads consumers about the amount they owe."  *Id.* (internal citations and quotations omitted).

Thus, the court held that the letters sent to Schaefer were not misleading because they "clearly conveyed" the amount that the debt collector "sought to collect on the date of the letters."  *Id.*  The letters properly *did not* include "further language stating that additional charges may apply that could confuse or mislead the least sophisticated consumer."  *Id.*  The court concluded that there was nothing confusing in the letters because, although they did not contain an interest reminder, "even the most unsophisticated consumer would understand that credit card debt accrues interest."  *Id., quoting Weiss v. Zwicker & Assocs., P.C.,* 664 F.Supp.2d 214, 217 (E.D.N.Y.2009).

In *Adlam v. FMS, Inc.*, 2010 WL 1328958 (S.D.N.Y. 2010), Adlam alleged, as does Wideman here, that a letter violated §1692g because it did not inform him that the balance of the debt would increase over time. *Id.* at 3. In rejecting this contention, the court reasoned that "[t]he FDCPA does not require that a debt collection letter warn a consumer that the debt may increase. Section 1692g(a)(1) only requires that a notice state 'the amount of the debt.' Under this section, debt collectors must disclose the amount past due as of the date the letter is sent . . ." *Id.* Because it stated the "Total Balance Due" on the date the letter was sent, and *did not include further language that additional charges may apply,* the letter could not confuse the least sophisticated consumer. *Id.* The court emphasized that the lack of an interest reminder was not misleading because "even the most unsophisticated consumer understands that debts accrue interest." *Id.*; quoting *Weiss, P.C.*, 664 F.Supp.2d at 217.[8]

Here, K&F's August 2, 2013 Letter to Wideman expressly states the "Balance Due" of $1,1015.68 on the date of the Letter. Ex. B. It makes clear that Wideman can satisfy the Debt by paying *that amount* – not some greater amount – when he received the Letter ("Call now or send the balance today!"). *Id.* The Letter does not contain additional language that detracts from this clear statement.

Even as an unsophisticated consumer, Wideman is deemed to be reasonably intelligent, to have a basic knowledge of the financial world and to be capable of making logical inferences and deductions. *Wahl,* 556 F.3d at 645–46; *Pettit*, 211 F.3d at 1060. In reviewing a debt collection communication, the law does not allow him to be irrational, unreasonable or a dimwit. *Id.*; *see Gonzales*, 660 F.3d at 1062; *White,* 200 F.3d at 1020. Wideman bases this entire case on the

---

[8] *See also Pifko v. CCB Credit Services, Inc.,* 2010 WL 2771832 **3-4 (Collection letters that clearly stated the amount due, without more, complied with §§1692g and 1692e, because they did not include reminders of future increases that might have confused the debtor regarding the amount or "imply a different meaning.").

contention that he did not understand that interest would accrue on his unpaid Debt.  While the unsophisticated consumer standard may not be exacting, it does not set the bar that low.

**V.      The *Miller v. McCalla* Morass.**

> **A.      Neither *Miller*'s Holding Nor *Dicta* Support The Purported FDCPA Cause of Action That Wideman Seeks to Allege.**

In *Miller*, an initial communication stated an "unpaid principal balance" but added that this amount did not include accrued but unpaid interest and other charges.  214 F.3d at 875.  The court held that the letter did not comply with §1692g because it did not state the total amount of the debt *already* accrued.  *Id.*  It concluded that the letter should have stated all amounts, including interest and other charges, accrued on the date the letter was sent.  *Id.* at 875-76. That is exactly what K&F did in this case.

But the court did not stop at deciding the issue before it.  Instead, it decreed that in cases not before it, where the amount of a debt might vary due to a variety of future charges and interest, debt collectors should include "safe harbor" language:

> As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, *late charges, and other charges* that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800- [phone number].

*Id.* at 876 (emphasis added).

Even in this *dicta*, the court did not analyze purported FDCPA claims, like Wideman's here, based *only* upon the failure to provide a reminder that interest might accrue on an unpaid debt.  *Miller*'s *dicta* dealt with accrued interest and a jumble of other charges.  It advises debtors that "interest, *late charges, and other charges* that may vary from day to day."  *Id.* at 876 (emphasis added).

14

Because the issue was never before it, the *Miller* court did not consider whether a letter is misleading because it is silent regarding *only* a fact that is very common knowledge: unpaid debts accrue interest. Instead, *Miller* focused on the accrual of a variety of charges that are not common knowledge and about which an unsophisticated consumer might not know. As a result, *Miller* did not analyze the "always relevant" issue of an unsophisticated consumer's state of mind when faced with a debt collection letter like the one here. *Wahl*, 556 F.3d at 646. In turn, the court did not consider the pivotal issue: whether, even if it is false in some technical sense, would the statement actually mislead an unsophisticated consumer. *Wahl*, 556 F.3d at 645-46; *Muha v. Encore Receivable Management, Inc.*, 558 F.3d 623, 627 (7th Cir. 2009)("If the average unsophisticated consumer would not be influenced by a statement rightly or wrongly claimed to be literally false, the case should end right there."); *Campbell v. Credit Protection Ass'n, L.P.*, 2013 WL 1282348 * 7 (E.D.Mo. 2013). Here, even the most unsophisticated consumer knows interest accrues on unpaid debts. He would not be misled or influenced because a letter did not remind him of that obvious fact.

### B. *Miller*'s Muddled Legacy.

The court in *Miller* imposed this new FDCPA disclosure language "in an effort to minimize litigation under the debt collection statute." *Miller*, 214 F.3d at 876. It has done exactly the opposite. At least three camps have developed seeking to reconcile *Miller*'s actual holding and its *dicta* in various factual contexts. None support Wideman's claims.

**1.** **Camp 1: Collection Letters Must State The Amount Due On The Date Of The Letter, But Need Not Include Interest Reminders Because Even Any Consumer Understands That Interest Accrues On Debts.**

As set forth above, numerous courts follow *Miller*'s actual holding: a debt collector complies with the FDCPA by stating the total amount due on the date of the letter. There is no

need to go further, and include a reminder that interest may accrue on an outstanding debt, because even the most unsophisticated consumer already knows that.

    2.    **Camp 2:** **Collection Letters Must State The Amount Due On The Date Of The Letter, But Do Not** ***Violate*** **The FDCPA By Including Conditional Interest Reminders Because Unsophisticated Consumers Understand That Interest Accrues On Unpaid Debts.**

In an ironic aftermath of the *Miller* decision, debtors have sued debt collectors *for including* the *Miller* verbiage or other interest reminders in collection letters. In such cases, courts hold that, even where such reminders are conditional and thus potentially unclear (*i.e.* interest *may* accrue), debt collectors do not violate the FDCPA because even unsophisticated consumers understand that interest accrues on debts. This is simply a "truism." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-75 (7th Cir. 2004).

In *Brill v. Financial Recovery Services, Inc.*, 2010 WL 5825480 (D. Neb. 2010), a collection letter stated "AS OF THE DATE OF THIS LETTER, YOU OWE $1,542.99. INTEREST, LATE CHARGES, AND OTHER CHARGES MAY OR MAY NOT BE APPLICABLE TO THIS ACCOUNT." *Id.* at *1 (emphasis in original). Brill sued the debt collector, alleging that this language failed to apprise her of the amount of the debt because it did not make clear whether such charges had been, or would be, added. *Id.* at *1.

The court rejected Brill's contention that, by including a conditional interest reminder, the letter violated §§1692e(2) and 1692g. It held that "[b]y including this additional information, *the defendant went beyond the FDCPA's requirement to truthfully represent the amount of the debt due as of the date of the letter." Id.* at *5 (emphasis added). Further, the court concluded that the addition of conditional reminder language – that interest and other charges "may or may not be applicable" – was not misleading because "even the most unsophisticated consumer

16

understands that credit card debt accrues interest." *Id.* at *6, *quoting Weiss*, 664 F.Supp.2d at 217.

Far from requiring that the *Miller* verbiage or similar interest reminders, *Brill* holds that all a debt collector must do, as K&F did here, is "to truthfully represent the amount of the debt due as of the date of the letter" and should not be held liable if it decides to say more. *Id.* at **5-6. In fact, *Brill* emphasized that "the Eighth Circuit has not concluded that the 'safe-harbor' language approved by the Seventh Circuit *violates the FDCPA*." *Id*. at *7, n.6 (emphasis added).

Similarly, in *Beasley v. Sessoms & Rogers,* 2010 WL 1980083 (E.D.N.C. 2010), Beasley sued a debt collector for *including* a reference to accruing interest in an initial collection letter. The letter stated an outstanding balance, but added "[y]ou should be aware, however, that interest *may* still be continuing to accrue on the account." *Id.* at *4 (emphasis added). Beasley claimed that this language violated §1692g(a)(1) and that the letter should have included the *Miller* verbiage. *Id.*

The court flatly rejected her contention. It held that the letter complied with §1692g(a)(1) because it "effectively informed plaintiff that as of the date of the letter plaintiff owed $1,211.84." *Id.* at *5. Further, the court rebuffed Beasley's argument that the letter's conditional suggestion of future interest would confuse anyone: "[e]ven the 'least sophisticated debtor' understands that a debt may continue to accrue interest." *Id.* Again, as in *Brill*, the court in *Beasely* did not hold that the debt collector was required to provide an interest reminder. It held that – given a least sophisticated consumer's understanding that debts accrue interest – a debt collector may simply state the amount due on the date of the letter even if the letter also includes conditional language regarding future interest that might otherwise be unclear. *Id.*

17

Implicitly acknowledging the morass that his decision in *Miller* had wrought, in *Taylor v. Cavalry Inv.*, L.L.C., 365 F.3d 572, Judge Posner rejected a claim that collection letters violated §1692g(a)(1) by including a conditional statements that the debt "may have or will accrue interest" or "may be periodically increased" due to interest or other charges. *Id.* at 574-75. Each letter stated a principal due, interest due or owing, and a total balance due. *Id.* According to Judge Posner, this was "so far, so good." *Id.* at 574. But the plaintiffs argued that the letters' conditional statements regarding the possibility of future interest accrual confused them about the amount the debt collector sought to collect. *Id.* at 574. Without any mention of the *Miller* verbiage – which, four years earlier, he had decreed was required – Judge Posner found that suggesting interest *might* continue to accrue would not confuse anyone. It was "the clear statement of a truism." *Id.* at 475. Essentially, everyone knows that.

These cases, and others like them, do not support Wideman's contention that collection letters must include interest reminders. These decisions – including one penned by Judge Posner himself – make clear that the inclusion of interest reminders whose conditional nature ("interest *may* accrue") might otherwise be confusing does not violate the FDCPA because even unsophisticated consumers understand that unpaid debts accrue interest.

  **3.**   <u>**Camp 3:**</u> **Ignoring What Any Consumer Already Knows, Debt Collectors Should Remind Them That Interest Accrues On Debts.**

In factual contexts distinct from this case, and without any consideration of the "always relevant" issue of what unsophisticated consumers understand, some cases suggest that debt collection letters should remind debtors that interest accrues on unpaid debts. Their reasoning is inconsistent and confused.

In *Dragon v. I.C. System, Inc.*, 483 F.Supp.2d 198 (D. Conn. 2007), a January 2005 collection letter sought to collect a stated balance that, by a March 2005 letter, had increased.

The January letter did not state the effective date of the balance due and did not acknowledge that the amount could vary based on "accrued interest *and/or other fees or charges"* added by the original creditor. *Id.* at 203-04 (emphasis added). The court held that the failure to acknowledge that interest and/or other charges might accrue could confuse a consumer. *Id.* at 203. It conjectured that the consumer might conclude that the balance stated in the January 2005 letter could be paid at any time – that the outstanding balance of the debt would never change even if it went unpaid – when the balance could be subject to adjustment due to interest *and other charges* imposed by the original creditor. *Id.*

The *Dragon* court did not consider, or even mention, the rudimentary fact that even the most unsophisticated consumer knows: unpaid debts accrue interest. That issue was not before the court. In *Dragon*, the issue was the disclosure of the possibility that interest *and other charges imposed by the creditor* might cause the debt to increase. Even though an unsophisticated consumer understands that interest accrues on unpaid debts, that understanding does not necessarily extend to other charges that a creditor might add. Thus, because both interest *and* other charges were accruing, a letter's failure to acknowledge these *two* reasons why the debt might increase could lead to confusion. *Dragon* did not consider the pivotal difference between how unsophisticated consumers might understand only interest accrual, on one hand, and both interest and other charge increases, on the other.

*Dragon* does not hold that in circumstances like those here, where the claim is only that K&F should have reminded Wideman that *interest* (not other charges) accrues on debts, an unsophisticated consumer would conclude that stated balance of an unpaid debt would *never*

increase due to interest. The question was not before the court, and even the most unsophisticated consumer knows better.[9]

In *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 WL 2885887 (2008), a collection letter requested payment "in the amount of $5,740.55 plus unpaid accrued interest, which is $5,028.90." *Id.* at *6. Smith alleged that this violated §1692g(a)(1) because it did not state the date from which unpaid accrued interest was calculated and did not include a future interest reminder. *Id.* Thus, unlike *Dragon* (in which the letter did not remind of interest accrual or *other charges)*, in *Smith* the issue was whether a letter complied with §1692g(a)(1)'s "amount of the debt" requirement when it failed to include certain information regarding interest *already accrued* and did not provide a reminder that only interest might accrue in the future.

Nonetheless, with no analysis, *Smith* followed *Dragon*. The court concluded that unless a letter reminds a debtor that interest accrues on debts, it might confuse him into believing that the stated balance would never increase – that this debt, unlike others, would never again accrue *interest*. But, as stated, *Dragon* involved not only interest accrual; there the debt had increased due to other charges that an unsophisticated consumer might not understand.

In blindly following *Dragon* without acknowledging this distinction, the court in *Smith* ignored that "[t]he state of mind of the reasonable debtor is always relevant to the determination of whether a debt collection notice is misleading or deceptive." *Wahl*, 556 F.3d at 646.[10] The

---

[9] *Snyder v. Daniel N. Gordon, P.C.*, 2012 WL 3643673 **2-3 (W.D.Wa. 2012) is inapposite for the same reason. There, the court considered whether a letter should remind a debtor that a balance would increase due to interest and other charges. It did not consider whether an unsophisticated consumer would be mislead where only interest was accruing.

[10] *Murr v. Tarpon Financial Corp.*, 2014 WL 546690 (E.D.Tenn. Feb. 10, 2014) makes the same error. Relying on *Miller*, *Murr* held that, under §1692g(a)(1), initial communications should include interest reminders. The court did not consider the pivotal issue of whether such reminders are necessary in light of the fact that even unsophisticated consumers understand that interest accrues on unpaid debts.

court wholly failed to consider the controlling issue: could a rational, reasonably intelligent consumer rationally believe that a letter requesting payment of the present balance of an unpaid debt serves to forgive forever his obligation to pay interest in the future? Stated another way, could such a consumer rationally conclude that the balance of an unpaid debt, once stated in a letter, would *never* thereafter increase based on interest accrual even if he ignored the letter and never made a payment? No rational, reasonably intelligent unsophisticated consumer with even a modicum of knowledge of the financial world could embrace such a fanciful reading.[11]

Finally, in *Jones v. Midland Funding, LLC*, 2012 WL 1204716 (D.Conn. 2012), a June 24, 2007 letter stated a "Current Balance" of $2,096.06 but offered a discount of 10% and stated the "Amount Due" was $1,885.55 if paid by August 8, 2007. *Id.* at *1. Unlike K&F's letter here, which stated that Wideman could "send the balance today," the letter in *Jones* also failed to indicate the amount due on the date the letter was received. *Id.* at *3. The court observed that, unlike the balance in this case, the balance stated in the *Jones* letter was outdated when Jones received it. *Id.* at *5.

Against this background, the court held that the letter should have included an interest reminder because, after reading the June 24, 2007 letter, an unsophisticated consumer might be uncertain of amount of the debt. *Id.* at *2. It emphasized that the settlement offer – which caused the letter to state two different balances – was "particularly problematic" because it was unclear what amount would be due if not paid by August 8, 2007. *Id.* The court found that the letter did not comply with §1692g(a)(1)'s "amount of debt" requirement. But the court did not

---

[11] *Michalek v. ARS Nat. Systems, Inc.*, 2011 WL 6180498 **3-5 (M.D.Pa. 2011) follows *Dragon* and *Smith* to reach the same flawed result: if a collection letter states an unpaid balance due without reminding the debtor that interest may accrue, a reasonably intelligent debtor could conclude that the stated balance is etched in stone and will never increase regardless of whether he/she ever makes a payment. That is simply not the case.

consider the only issue in this case: whether the letter was *false or misleading* because it did not include an interest reminder. *Id.* Moreover, the court recognized there was substantial ground for disagreement with its holding and certified the decision for immediate appeal. *Id.* at 5.

To the extent that these cases suggest that collection letters must explain that the balance of a debt may increase, their reasoning and holdings do not consider the narrow issue presented here. Wideman does not allege that K&F should have reminded him that his Debt might increase due to interest *and other charges*. His claim is only that K&F should have reminded him that interest accrues on debts; it does not involve other creditor-imposed charges with which he might not be familiar. Nor does Wideman's purported cause of action rely on a letter containing a settlement offer and two differing statements of the amount due.

Thus, even if these cases would require explanations of why a debt might increase, they do so by ignoring the core of the analysis. The issue is not whether a letter is potentially unclear. It is whether this alleged lack of clarity would mislead an unsophisticated consumer. *Wahl*, 556 at 646; *Miller v. Javitch, Block,* 561 F.3d at 596-97; *Guerrero,* 499 F.3d at 934. The state of mind of a reasonable, unsophisticated consumer is always relevant to this analysis. *Id.* Here, even if the lack of an interest reminder makes the balance of a debt potentially unclear (which K&F strongly disputes), it would not mislead the unsophisticated consumer who already knows interest accrues on unpaid debts. It certainly would not mislead a consumer whom a court formally and expressly told that his outstanding debt would accrue interest. Wideman's claim is simply not plausible.

## VI.  Wideman Cannot State A Claim Under § 1692d Because He Has Not Alleged Conduct That Constitutes Harassment Or Abuse.

Wideman alleges only that the Letter did not remind him that interest accrues on debts. Nonetheless, he claims that K&F and Midland engaged in harassing and abusive conduct. Doc.

22

1-1, p. 7-8, ¶28.  In *O'Connor*, 2013 WL 5340927, this Court dismissed such a claim, holding that

> [T]he record is completely devoid of any evidence that either or both of these letters contain any statements which could be remotely (and reasonably) construed as threatening violence to procure payment of the debt, contain obscene or profane language intended to intimidate the plaintiff into paying the debt; contain any threat to publish plaintiff's name as person refusing to pay a debt; or qualify as an advertisement for the sale of the plaintiff's debt to Charter as coercion to pay the debt.

*Id.* at * 7.  This applies directly here.  The Complaint contains no allegations whatsoever that K&F engaged in the sort of harsh and abusive conduct that §1692d was designed to prevent.  *See Pollard v. Law Office of Mandy L. Spaulding,* 2013 WL 4780078 *3 (D.Mass. 2013)(In rejecting a § 1692d claim, the court reasoned that the provision "prohibits only oppressive and outrageous conduct" and that letters are the "least intrusive means of communicating with a debtor.")(internal quotations omitted).

**VII.        Wideman Cannot State A Claim Under §1692f.**

Section 1692f of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §1692f.  It is a catch-all for conduct that the FDCPA does not cover elsewhere.  *Hubbell v. American Accounts & Advisors, Inc.*, 2013 WL 5944264 *3-4 (D. Minn. 2013); *Randall v. Midland Funding, LLC*, 2009 WL 2358350 *4 (D. Neb. 2009).  A claim under §1692f "fails as a matter of law if it is 'not premised on conduct independent from that pled to support ... other FDCPA claims.'"  *Hubbell*, 2013 WL 5944264 at *3.  Here, Wideman does not allege any facts in support of his §1692f claim other than those upon which he bases his other claims.  His §1692f cause of action must be dismissed.  *Id.*; *see also Randall*, 2009 WL 2358350 at *4.

In "Count I" of the Complaint, Wideman includes two cryptic and unsupported legal conclusions.  First, without more, he alleges that Defendants are "[a]ttempting to collect an

amount not authorized by law or the agreement between plaintiff and his original creditor." Doc. 1-1, p, 7, ¶28. This merely parrots the statute and the Complaint does not include a single fact to support it. As set forth above, Complaint's sparse allegations do not contend that the amount stated in the August 2, 2013 Letter is false, nor that the balance Wideman allegedly learned on the phone was inaccurate. Wideman's sound-bite quotation of the statute does not state a claim.

Second, Wideman claims that K&F and Midland harassed him, and were deceptive, unfair and abusive because they "fail[ed] to attach the agreement between Plaintiff and his original creditor." *Id.* at p. 8, ¶29. Again, the Complaint does not contain a single fact to support this bald conclusion. It has nothing to do with the Complaint's sparse allegations or the claim that Wideman apparently wishes to pursue. The Complaint does not provide the slightest hint regarding what agreement should have been attached, why, or how this cryptic conclusion relates to any cause of action. This is apparently a throw-away allegation and cannot state a claim.

### Conclusion

For all the foregoing reasons, Defendants Kramer and Frank, P.C., and Midland Funding, LLC, respectfully request that the Court dismiss Plaintiff's Complaint and grant whatever additional relief it deems appropriate.

24

Respectfully submitted,

KRAMER & FRANK, P.C.

by /s/ Daniel V. Conlisk _____
 DANIEL V. CONLISK, #36544MO
9300 Dielman Ind. Blvd., Ste. 100
St. Louis, MO 63132
314-991-2160
314-442-2218 (Fax)
Email: Daniel.Conlisk@lawusa.com

ATTORNEYS FOR DEFENDANTS
MIDLAND FUNDING LLC AND
KRAMER & FRANK, P.C.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of October, 2014, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send a notice of electronic filing to all parties of interest participating in the CM/ECF system.

      I further certify that a copy of the foregoing was mailed via first class U.S. mail, postage pre-paid on the 10th day of October, 2014, to:

      Richard A. Voytas, Jr.
      Voytas & Company
      One North Taylor Ave.
      St. Louis, MO 63108

                         /s/ Daniel V. Conlisk _____