UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JACK WIDEMAN, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14CV1495 SNLJ |
| | ) |
| KRAMER & FRANK, P.C., and | ) |
| MIDLAND FUNDING, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion to dismiss. The motion has been fully briefed and the matter is ripe for disposition. For the following reasons, the motion will be denied in part and granted in part.

### I. Background

Plaintiff filed this action alleging defendants violated the Fair Debt Collection Practices Act (FDCPA). In his complaint, plaintiff alleges that defendant Kramer & Frank (K&F), on behalf of and at the direction of, defendant Midland Funding, sent him a collection letter dated August 2, 2013. The letter stated a balance due of $1015.69. The letter provided no indication that interest was accruing on the debt. Plaintiff alleges that on the date he received the letter, the balance was higher than the amount stated in the letter and defendants were trying to collect this higher amount. The letter did not contain any language that due to interest, the amount of the debt would change. Plaintiff alleges that in June 2014, he called K&F to check his balance and learned that the debt had

increased to $1136.17. Plaintiff further alleges that defendants' letter deceptively failed to state the amount of the debt.

## II. Motion to Dismiss Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied,* 129 S.Ct. 222 (2008) (quoting *Twombly,* 550 U.S. at 555–56 & n. 3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes,* 416 U.S. 232 (1974); *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir. 2003). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.,* 599 F.3d 856, 861 (8th Cir.

2

2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir.2005)).

## III. Discussion

"The purpose of the FDCPA is 'to eliminate abusive debt collection practices by debt collectors,' . . . and debt collectors are liable for failure to comply with 'any provision' of the Act." *Richmond v. Higgins,* 435 F.3d 825, 828 (8th Cir. 2006) (quoting 15 U.S.C. § 1692(e) and § 1692k(a)). To establish a violation of the FDCPA, plaintiff must prove that he is a consumer; defendant is a debt collector; there was an attempt to collect a debt; and defendant violated, by act or omission, a provision of the FDCPA. *Campbell v. Credit Protection Ass'n, L.P.,* No. 4:12CV289 AGF, 2013 WL 1282348, at *4 (E.D. Mo. Mar. 27, 2013).

For this motion, there is no dispute that plaintiff is a consumer, defendants are debt collectors, and there was an attempt to collect a debt. The disputed issue is whether defendants violated a provision of the FDCPA. Defendants contend that plaintiff's allegations amount to nothing more than a complaint that the collection letter at issue did not state that the unpaid debt would accrue interest and that such allegations fail to state a claim under the FDCPA. In response, plaintiff argues that the balance stated in defendants' collection letter had changed by the time plaintiff received and/or read the letter and defendants had failed to provide any information that the amount would, in

3

fact, increase due to interest. As a result, plaintiff contends that defendant failed to state the correct amount of the debt plaintiff was obligated to pay.

It is undisputed that the collection letter did not state that the balance listed in the letter was subject to increase due to the accrual of interest. "Such an omission has been held to violate § 1692g(a)(1)." *Leffler v. Miller and Steeno, P.C.*, 4:13CV1764 TCM, 2014 WL 1613946, at *2 (Apr. 22, 2014) (citing *Jones v. Midland Funding, LLC*, 2012 WL 1204716, at *2 (D.Conn. Apr. 11, 2012) (citing cases from other districts and from the Seventh Circuit holding so.)). "It has also been held *not* to violate § 1692g(a)(1) if the letter 'states the total amount of the debt as of the date the notice is sent . . . even though the consumer is not informed that additional interest will accrue.'" *Id.* (citing *Jones*, 2012 WL 1204716, at *2 (citing only district court cases from New York)). Here, the issue is not simply whether the letter violated the FDCPA because it failed to state interest was accruing. Instead, plaintiff has alleged that the letter failed to state the correct amount of the debt because the balance stated in the letter had changed by the time plaintiff received the letter and defendants had failed to provide any information that the amount would, in fact, increase due to interest. In other words, plaintiff alleges that defendants have not complied with the FDCPA mandate that debt collectors accurately represent the amount and character of a debt they are attempting to collect. Specifically, under § 1692e(2)(A), a debt collector may not falsely represent "the character, amount, or legal status of any debt," or, under § 1692g(a)(1), fail to provide the consumer notice of the amount of the debt. As noted by the court in *Jones v. Midland Funding*:

4

> [T]he question is not simply whether the least sophisticated consumer knows that credit card debt accrues interest. The question is whether a validation notice listing a "balance" that is outdated when received and continues to accrue daily interest at an unspecified rate clearly and effectively states the amount of the debt. The least sophisticated consumer would not know the precise amount of the debt as of the date he received the [ ] letter, nor would he know how much he could pay to settle the debt if he did not pay by the time the offer expired.

This Court finds that plaintiff's allegations are sufficient to state a claim that is plausible on its face for a violation of §1692e(2)(A) and §1692g(a)(1) of the FDCPA.

Additionally, defendants argue that plaintiff cannot state a claim because they would have, in fact, accepted the amount stated in the collection letter had plaintiff remitted the balance when the letter was received. They further argue that the balance stated on the letter was the amount owed when plaintiff received the letter. These are factual disputes that are not properly determined on a motion to dismiss. *National Ben. Programs, Inc. v. Express Scripts, Inc.*, 4:10CV907 AGF, 2010 WL 4671002, at *4 (Nov. 10, 2010) (citations omitted).

Finally, the bare allegations that defendants violated the FDCPA by "attempting to collect an amount not authorized by law or the agreement between plaintiff and his original creditor, 15 U.S.C. § 1692f" and "engaging in deceptive, abusive, harassing, and unfair conduct in the collection of plaintiff's debt, including but not limited to deceptively failing to attach the agreement between plaintiff and his original creditor, 15 U.S.C. § 1692d-f" are insufficient without any facts pled in support of those claims. Further, plaintiff's argument that the same facts that support his claims under §1692e(2)(A) and §1692g(a)(1) support claims under § 1692d and § 1692f is without

merit. This Court finds that plaintiff's complaint fails to state claims under § 1692d and § 1692f.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (ECF #10) is **DENIED in part** and **GRANTED in part**. The motion is denied to the extent that plaintiff's complaint states claims under §1692e(2)(A) and §1692g(a)(1) and granted to the extent that the complaint fails to state claims under § 1692d and § 1692f.

Dated this 10th day of April, 2015.

                                       STEPHEN N. LIMBAUGH, JR.
                                       UNITED STATES DISTRICT JUDGE